## CONNER v. CONNER et al.

(Court of Civil Appeals of Texas. Texarkana. Jan. 11, 1912.)

BOUNDARIES (§ 8*)—DESCRIPTION—LINES.

A deed, describing the land conveyed as beginning at a stake in the line, thence south with the line a specified distance to a stake, thence west with a line a specified distance to a stake in a road, "thence northeast with the general direction of the" road a specified distance to the point of beginning, calls for a straight line, and not a line with the bends of the road.

[Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 8.*]

Appeal from District Court, Morris County; P. A. Turner, Judge.

Action between M. A. Conner and C. G. Conner and another. From a judgment for the latter, the former appeals. Reversed and rendered.

Henderson & Bolin, for appellant. G. D. Hart and Hart, Mahaffey & Thomas, for appellees.

LEVY, J. The only question in this case is as to the location of the boundary line between the lands of appellant and appellees. On August 30, 1870, W. T. Conner conveyed a tract of land by deed to J. M. Conner. The deed described the land as "beginning at a stake in the E. B. line of the Whitehead tract 994½ varas north of the S. E.

corner of said tract; thence south with the E. B. line 994½ varas to a stake, said S. E. corner; thence west with the S. B. line 450 varas to a stake in the road from Daingerfield to Stephenson's Ferry on Sulphur river, from which a black jack bears S. 35 degrees W. 10½ varas off, another bears N. 54 degrees W. 7½ varas off, both marked 'X'; thence northeast with the general direction of said road 1,095½ varas to the beginning." The first call in this deed was located on the ground as being at a point in the public road referred to. This deed is the source of title under which appellees claim. The appellant's title is under a deed executed by W. T. Conner on January 22, 1910. His deed describes the land conveyed as "beginning in the north boundary line of the O. H. King survey at a stake in the public road leading from Daingerfield to Naples and Stephenson's Ferry on Sulphur river; thence west 267 varas to King's N. W. corner; thence south 60 varas to a stake; thence west 130 varas; thence north 847 varas; thence east 798 varas to the middle of the Daingerfield Naples and Stephenson's Ferry public road; thence west 19½ degrees to the place of beginning." The point of controversy is the proper construction to be given the last call in the deed of appellee, which reads, "thence northeast with the general direction of said road 1,095½ varas to the beginning." If this call should be answered by following the meandering or bending course of the public road, as located on the ground, to the original point of beginning, then there is a conflict of boundaries, as located on the ground, between the lands of appellant and appellees. We assume from the question thus presented that each party has shown himself entitled to a judgment dependable solely upon the proper legal construction to be given to the call of the deed in question. The court established the dividing line according to the meandering or bending course of the road.

It appears here as a fact that now, and at the time the deed containing the call in issue was executed, the road runs on the ground a part of the distance of the line in a northeasterly course, and then appreciably crooks and turns off of a northeasterly course, until it gets back to the original beginning point of the deed. The call, as seen, gives the course as northeast, and gives the distance from its starting point to the original beginning point of the tract. In all the circumstances, it was, we think, from the language of the call in issue, the evident intention of the parties to the deed that the call should be answered from the specified point to the beginning point of the tract in a straight line, and we so hold. The language "with the general direction of said road" was intended, in all the circumstances, to be restrictive to a straight line, and exclusive of the particular crooks and bends in the road as shown on the ground by the evidence. To run the line with such crooks and bends would be to so deflect the line as not to be "with the general direction of said road," but entirely variant from its general direction, northeast.

It follows that the judgment should be reversed and here rendered for appellant, establishing the boundary line as contended for by him, with all costs, and it is accordingly so ordered.